(No. 25676.—<span></span>

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN GOEBELT, Plaintiff in Error.

*Opinion filed October 11, 1940.*

GILBERT K. HUTCHENS, for plaintiff in error.

JOHN E. CASSIDY, Attorney General, JULIAN HUTCHENS, State's Attorney, and A. B. DENNIS, for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Defendant, John Goebelt, was convicted in the circuit court of Greene county of the crime of embezzlement. He owned the Community Coal Mine near Greenfield, Illinois. The complaining witness, C. G. Anderson, managed the mine for Goebelt for about a year prior to September 1, 1938. On that date, Goebelt leased the mine to Anderson for one year. Anderson was to pay all taxes, local, State, and Federal, to repay Goebelt for $150 insurance deposit, and $125 power deposit at $12.50 per month, beginning December 1, 1938, and in addition was to pay Goebelt thirty cents per ton royalty for all coal taken from the mine. He

made but one of the monthly payments of $12.50. Before this lease, on May 19, 1936, Goebelt had secured a policy of compensation insurance from the Bituminous Casualty Corporation. This policy continued in effect after the lease was signed and does not appear to have been transferred to Anderson. The parties operated under the lease until December 1, 1938, when, by parol, they made a new agreement. Anderson testified that under the new agreement he paid the royalties, insurance and taxes to Goebelt each week, and Goebelt was supposed to send the money to the proper payees, including the insurance company. Anderson kept the records, and they were checked every Sunday. Goebelt says that Anderson did not pay the current bills while operating under the written agreement, so they agreed they would take what money came in and pay as far as they could, leaving those places where Goebelt had deposits up until the last. The alleged embezzlement grows out of the settlements made between the parties from November 26, 1938, to December 30, 1938, covering five weeks. The amount owed for royalties, taxes and insurance for this period totalled $290.76. Of this amount, $53.28 was for insurance. To pay the whole amount Anderson gave Goebelt checks totaling $215.04, and coal tickets in the amount of $73.80. These tickets were for coal sold and delivered to the Greene County Poor Farm. They could not be cashed until March, 1939, but Goebelt agreed to accept them. There is also testimony to the effect that Anderson was to repay Goebelt's deposits by delivering coal to creditors of Goebelt, but no such deliveries were ever made. The charge of embezzlement is based on the fact that Goebelt reported a smaller pay-roll and paid $18.95 to the insurance company instead of the $53.28 actually due. We are not convinced that, under all the facts, defendant was proved guilty of the crime of embezzlement. The county coal tickets were not cash and were not collectible in cash for several months. No payments that Goebelt should have made are questioned except payments of insurance premiums guaranteed by Goe-

belt's own cash deposit of $150. Goebelt's testimony that he and Anderson were to make the cash go as far as possible and to pay the insurance and power bills last, when viewed in the light of all the circumstances, is plausible. The business was failing, and it seems to us that Goebelt's actions were intended to keep the mine operating. It is true that Goebelt failed to report the full pay-roll to the insurance company for the month of December, 1938, but it is also shown that a pay-roll audit was made by the insurance company on March 14, 1939. The insurance policy, which is in evidence, provided for such an audit, and Goebelt had up a deposit to protect the insurance company. Anderson was fully protected, and under these facts Goebelt could not escape making payment, whether by settlement money or by deduction from the deposit fund. So long as Anderson's monthly payments of $12.50, plus insurance premium payments, did not exceed $150, Goebelt could not be guilty of embezzlement. It must be remembered that Anderson had only paid one monthly installment of $12.50, and $53.28 as workmen's compensation insurance premiums.

It is contended that Goebelt was Anderson's agent to pay the insurance, and because he failed to do so, is guilty of embezzlement. In *People* v. *Davis,* 269 Ill. 256, 269, this court held that in order to convict an agent of embezzlement it must be shown, beyond a reasonable doubt, that he fraudulently converted some of the money or property entrusted to him by his principal.

The record fails to show a fraudulent conversion on the part of Goebelt and he was not proved guilty of embezzlement.

The point is raised that the jury by its three verdicts failed to find the age of the accused, and defendant also complains of errors in the giving and refusal of instructions. We need not consider these matters.

The judgment of the circuit court of Greene county is reversed.                                    *Judgment reversed.*